Argued July 12, reversed and remanded with directions
September 7, 1967

LATHROP, *Appellant*, *v.* LEWIS ET AL,
*Respondents*.

431 P. 2d 268

*Louis F. Schultz,* Grants Pass, argued the cause for appellant. On the briefs were Schultz & Salisbury, Grants Pass.

*William M. Sloan,* Grants Pass, argued the cause for respondents. On the brief were Johnson, Telfer & Sloan, Grants Pass.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is a suit for a declaratory judgment to determine the ownership of a parcel of land. Plaintiff appeals from a judgment for defendant.

On August 3, 1955, Rose Lathrop was the owner of the land in question. On that date she and her husband, Raymond Lathrop, entered into a land sale contract naming as purchasers Richard Wymer and Esther Wymer. The contract contained the following provision:

> "It is specifically agreed by and between the parties hereto that the rights of the Vendors and the contract herein are the property and for the benefit of the Vendors jointly, while they are both living, and the property and for the benefit of the survivor of them upon the death of either, and that all proceeds of payments made upon this contract are the property of the Vendors jointly while they are both living and the property of the survivor of them upon the death of either; and it is likewise specifically agreed that all rights conferred upon the Vendees hereunder are the joint rights of both Vendees while both are living and the separate right of the survivor upon the death of either."

On January 19, 1960, while the contract was still subsisting, Rose and Raymond obtained from the First Federal Savings and Loan Association of Grants Pass a $6500 loan secured by a mortgage on the property in question. The mortgage was in the standard printed form, reciting that the land was free from encumbrances. The mortgagee's title insurance policy showed title in Rose and made no mention of an outstanding contract interest in the property. It is not clear whether the mortgagee knew of the vendees' interest.

On September 22, 1960, Rose died leaving as her heirs defendants, who were her children by a former marriage. Thereafter, Raymond married plaintiff. The vendees assigned their interest in the contract to William and Betty Davidson. The Davidsons defaulted and executed a quitclaim deed of the premises to Raymond and plaintiff. Thereafter, on May 10, 1962, Raymond and plaintiff entered into a written contract to sell the property to Arthur and Roberta Quick. This contract provided for survivorship between the sellers. Raymond died. Subsequent to his death, the Quicks asked for a policy of title insurance as provided in their contract. Plaintiff demanded that defendants convey the property to her. The demand was refused whereupon plaintiff brought this action.

The trial court recognized that if the contract had continued in existence plaintiff, as the successor in interest of Raymond Lathrop, would have had a right to the proceeds from the contract. In such case the bare legal title would pass to defendants as trustees but would not vest in them any right to the proceeds. But the court held that when the Davidsons executed the quitclaim deed to Raymond and plaintiff "they did no more than terminate the contractual interest of all of the parties in the property. The right to

receive the proceeds was terminated. The trusteeship of the legal title was terminated, and the only possible thing that could have been conveyed by the quitclaim deed would be to construe the quitclaim deed as an assignment of the trusteeship of the proceeds to be paid under the contract. Since this contract was terminated there was nothing to assign and Raymond A. Lathrop and Cecil B. Lathrop could receive no possible interest in the title to the land itself. The survivorship clause could not operate as a conveyance of the legal title to the real property."

We do not regard this as a correct analysis of the problem. The survivorship provision in the contract executed by Rose and Raymond Lathrop to the Wymers operated to create in Raymond a right to all of the payments under the contract. Raymond's right can be regarded as arising either by way of contract or as a gift by Rose of a contract right to one-half of the proceeds of the payments during her life and all of the proceeds falling due after her death.[1] We prefer to treat the provision in the contract in favor of Raymond as effectuating a gift of one-half the proceeds during the joint lives of Raymond and Rose and a gift of all of the proceeds accruing after Rose's death. Stated in another way, the survivorship provision operated to transfer to Raymond legal ownership of the contract. There is nothing in the contract executed by Rose and Raymond as vendors or in the attending circumstances suggesting that Rose intended that Raymond's interest in the proceeds was to terminate upon default by the purchaser—the construction placed upon the transaction by the trial court.

---

[1] This conclusion can be supported by the same reasoning as that employed in the joint bank account cases. For an excellent analysis of these cases, see Note, *Joint Bank Accounts in Oregon—Rights of Depositors Inter Se*, 26 Or L Rev 114 (1947).

The balance due under the contract at Rose's death was just as effectively transferred by the survivorship provision as it would have been had there been no survivorship provision and Rose had assigned all of her interest in the contract to Raymond before her death. The effect of such a survivorship provision or an assignment is to vest in the transferee the legal ownership of the contract, including the right of specific performance to compel the vendee to pay the balance of the purchase money. Not having received the balance of the purchase money, Raymond was entitled to receive the land as a substitute for the money.[2] Defendants held the legal title subject to this equitable right in Raymond. The survivorship provision in the contract executed by Raymond and plaintiff to the Quicks operated to transfer to plaintiff Raymond's equitable interest in the land in question.

We have explained Raymond's interest in the land (and ultimately plaintiff's interest) in terms of his right to realize the equivalent of the balance due under the contract. Strictly applied, this reasoning would permit defendants to elect to retain the title to the land and pay the balance of the purchase money to plaintiff. But that result would not comport with the intention of the donor, Rose Lathrop, as we construe the survivorship provision in her contract. We believe that under these circumstances it is reasonable to construe the survivorship provision as a gift not only of the balance due under the contract, but also a gift of the land in the event that the purchase price is not paid and the contract terminated. The equitable interest so created entitled plaintiff to a decree requiring defendants to execute a deed conveying the legal title to her.

---

[2] Leiper's Appeal, 35 Pa 420, 78 Am Dec 347 (1860).

Both counsel have relied upon the doctrine of equitable conversion in presenting their argument. We do not find the doctrine helpful in the solution of the problem presented in this case.

The decree of the lower court is reversed and the cause is remanded with directions to enter a decree in accordance with this opinion.